WESTERN UNION TELEGRAPH COMPANY v. M. SIMMS ET AL.

Decided June 7, 1902.

1.—Telegraph Company—Agency—Evidence.

Where the liability of the telegraph company depended on the fact that the message had not been routed the best and most direct way, and the evidence was uncontradicted that the person who directed how the message should be routed was not the agent of the telegraph company, but of the sender, a verdict against the company can not be sustained.

2.—Same—Telephone Connection—Changing Route.

It was the duty of the telegraph company to send the message to M. as routed, unless it knew or should have known that the telephone line from that point was not in working order, and that therefore the message could not be promptly forwarded on from M. to the addressee.

Appeal from Wood. Tried below before Hon. F. J. McCord, Special Judge.

*L. L. Lindsley* and *M. R. Geer,* for appellant.

*M. D. Carlock,* for appellees.

TEMPLETON, Associate Justice.—In August, 1901, J. E. Matkin and wife resided near Josephine, in Collin County, and their daughter, Mrs. Meddie Sims, lived with her husband near Pleasant Grove, in Wood County. There was no telegraph office at either of said places. The nearest telegraph offices to said points were Nevada and Winsboro. There was a railroad wire from Josephine to Nevada and a telephone line from Winsboro to Pleasant Grove which extended on to Mineola, another telegraph station. Pleasant Grove is six miles from Winsboro and twenty miles from Mineola. The telegraph company had no interest in or control over the telephone line.

On August 24, 1901, Mrs. Matkin was sick and not expected to live.

Matkin desired to notify his daughter of the fact, and had the attending physician write a message to Mrs. Sims reading thus: "Your mother is very sick. Come at once.' The message was written on an ordinary piece of blank white paper. Matkin started with the message to Josephine, thinking there was a telegraph office at that place, and intending to deliver the message to the agent there for transmission. On his way there he met a neighbor, W. J. Berryhill, who undertook to send the message for him. Matkin returned home and Berryhill carried the message to Josephine and delivered it to W. C. Davis, the railway station agent. Davis informed Berryhill that he was not the agent of the telegraph company; that there was no telegraph office at Josephine, and that he could not accept or send the message. Finally, as a matter of accommodation to Matkin, Davis called up R. W. Porter, the agent of the Western Union Telegraph Company at Nevada, over the railroad wire, and induced him to agree to take the message over that wire and forward the same from the Nevada office. Davis sent the message to Porter over the railroad wire, who took it down and forwarded it to Fort Worth, from which point it was sent to Mineola. Berryhill, for Matkin, guaranteed the charges for special delivery of the message, and a service message to that effect accompanied the telegram. Davis pasted the paper on which the message was written on one of the ordinary blanks of the company which contained the customary stipulation limiting the liability of the company to its own line. This was done before he sent the message to Porter. Davis testified that before he sent the message to Porter he routed it by way of Mineola and sent it so routed. Porter testified that he received the message routed by way of Mineola and forwarded it as routed. When the message reached Mineola it was delivered by the agent of the telegraph company to the agent of the telephone company. For some reason not shown, but presumably because the telephone line was not in working order, the telephone company did not forward the message over its wire. The telephone company used no dispatch in delivering the message. On this account the delivery of the message was delayed for some days and until after the death of Mrs. Matkin, which occurred on August 25, 1901. There was evidence tending to show that had the message been promptly transmitted and delivered Mrs. Sims could and would have reached her mother's bedside before dissolution took place.

Mrs. Sims, joined by her husband, brought this suit against the telegraph company to recover damages on account of the message not having been promptly transmitted and delivered. On a trial by jury she obtained judgment, and this appeal followed.

The theory of appellees is that appellant was negligent in not sending the message by way of Winsboro, the nearest telegraph station to Pleasant Grove; that had the message been sent by that route it could and would have been promptly delivered. The theory of appellant is that the message was routed by way of Mineola by Davis, acting as Matkin's agent, and that it was bound to send the message by the route selected

by the sender. The court instructed the jury, in substance, that if Davis was not the agent of appellant and voluntarily assumed to call up the agent at Nevada, and if he routed the message by way of Mineola and sent it to the agent at Nevada so routed, and if appellant's agent promptly forwarded the message by that route and delivered same to the connecting line, then appellant was not liable, but that if the routing of the message was the act of appellant's agent at Nevada, the appellees were entitled (other facts concurring) to recover. The principal question in the case is whether the evidence was such as to justify the submission to the jury of the issue presented by said charge or to warrant a verdict for appellees on that issue.

It was shown beyond controversy that Davis was not the agent of appellant. It must be held, therefore, that in what he did he was acting as the agent of Matkin and that appellees are bound thereby. The testimony of Davis and Porter to the effect that Davis routed the message by way of Mineola and that it was sent by Porter as routed, was not contradicted. Matkin intended that it should be sent by way of Winsboro, but Berryhill gave no such directions to Davis, and does not remember that anything was said about the routing of the message. The original message has been sent up with the transcript, but an inspection of it discloses nothing necessarily inconsistent with the statement of Davis and Porter that Davis routed the message. It is to the interest of both Davis and Porter to show that the message was routed by Davis, and there may be some slight discrepancies in their testimony, but after a careful examination of the record we find no tangible or substantial reason for declining to credit their evidence concerning the routing of the message. We can not understand upon what testimony the jury based their finding that Porter, and not Davis, routed the message, and feel constrained to hold that there was no sufficient evidence to justify such finding.

There is no evidence tending to show that appellant knew or ought to have known that the telephone line from Mineola to Pleasant Grove was not in working order, or that there would be any delay in forwarding the message from Mineola to its destination. Such being the case, no duty rested on it to violate the directions of the sender and transmit the message by another route. Telegraph Co. v. Turner, 94 Texas, 304.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*